UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:08-cr-119-jgm-01 |
| | : | |
| BENJAMIN OSMANSON | : | |
| | : | |

ORDER
(Doc. 119)

  The Magistrate Judge's Report and Recommendation ("R & R") was filed July 21, 2014. (Doc. 119.)  Petitioner Benjamin Osmanson filed an Objection.  (Doc. 120.)  This Court has reviewed the R & R and Objection de novo and finds the Objection to be without merit.  See Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b) (requiring district court to determine de novo any part of the magistrate judge's disposition for which objections have been properly made).

  In his Objection, Osmanson argues the R & R reaches an incorrect result due to "two misunderstandings of fact."  (Doc. 120 at 1.)  First, Osmanson contends that his § 2255 claim accrued when he learned the government had commenced "actual fraud claims against the Banks," not when he could have learned through due diligence that the government was investigating banks' mortgage origination practices.  Id.  The distinction Osmanson draws between the fact of investigations and the fact of actual claims is not meaningful.  Learning an investigation ultimately culminated in the filing of a legal claim merely strengthens an argument Osmanson already had reason to be aware of.  Cf. Rivas v. Fischer, 687 F.3d 514, 535 (2d Cir. 2012) (finding the discovery of "new information . . . that merely supports or strengthens a claim that could have been properly stated without the discovery" is not "factual predicate" for purposes of triggering the statute of limitations under § 2244(d)(1)(D), a provision parallel to § 2255(f)(4)).  Second, Osmanson contends the R & R mistakenly focuses on the general fact that the banks were suspected of institutional fraud

when it should focus on the specific fact that the government knew the banks were providing Osmanson with fraudulent information to enter on stated income loan applications.  Id. at 2.  The R & R, however, quite specifically concludes, "the federal fraud investigations related to exactly the kind of conduct that Osmanson had alleged against the Banks."  (Doc. 119 at 16.)

The R & R is AFFIRMED, APPROVED, and ADOPTED.  See 28 U.S.C. § 636(b)(1).  Benjamin Osmanson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 87) is DENIED.

Pursuant to Fed. R. App. P. 22(b), the Court DENIES Petitioner a certificate of appealability ("COA") because he failed to make a substantial showing of a denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).  The Court rejects the petition on its merits because Osmanson has failed to demonstrate that reasonable jurists would find the Court's "assessment of the constitutional claims debatable or wrong."  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Further, because the petition is also dismissed on procedural grounds, Osmanson cannot be issued a COA due to his failure to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.; see also Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012) (citing Slack).

It is further certified that any appeal taken in forma pauperis from this Order would not be taken in good faith because such an appeal would be frivolous.  See 28 U.S.C. § 1915(a).

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 31st day of October, 2014.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge